IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TRUSTMARK NATIONAL BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0702-WS-M |
| | ) |
| **MICHAEL C. MOLLESTON, etc., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for default judgment. (Doc. 34). The plaintiff seeks a default judgment against both defendants. (*Id*.).

As noted in a contemporaneous order, the automatic stay remains in place with respect to the debtor defendant. Accordingly, the motion for default judgment as to defendant Molleston is **denied**. As to the vessel defendant, default has been entered, and it is appropriate to consider the motion for default judgment.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

[1]

The complaint alleges that Molleston executed a promissory note in favor of the plaintiff, that the indebtedness reflected by the note has not been satisfied, that Molleston is in default, and that all conditions have been satisfied. The complaint further alleges that the plaintiff has a recorded preferred ship mortgage ("PSM") on the vessel, granted by Molleston to secure the debt. The complaint seeks to enforce the PSM. The plaintiff has submitted evidence to confirm all these points. The Court concludes that the complaint actually states a cause of action and that there is a substantive, sufficient basis in the pleadings for the relief sought.

The restrictions on entering default judgment against an infant, incompetent or member of the armed services, 50 U.S.C. app. § 521; Fed. R. Civ. P. 55(b)(2), do not apply to the vessel. The procedural predicates for entry of default judgment thus being satisfied, the Court turns to the amount of the judgment to be entered.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). The complaint identifies the amount due under the note and PSM as of December 9, 2010 as $466,182.39. (Doc. 1 at 4). The complaint demands recovery against the vessel of "the remaining principal balance due plus the expense of insurance, interest to be determined, late charges, amounts due for attorney fees, costs and expenses, repossession costs, and all other costs relating to this foreclosure action in accordance with the terms of the Mortgage and Promissory Note." (*Id*. at 5). The motion for default judgment seeks recovery "in the amount of $466,182.39 as of December 9, 2010, plus interest accruing thereafter at a per diem rate of $89.93, plus attorney fees, court costs, and legal expenses." (Doc. 34 at 1). The motion for default judgment thus does not seek recovery more expansive in kind from or exceeding in amount that prayed for in the demand for judgment.

The affidavit and exhibits submitted by the plaintiff establish that the amount owing under the note as of December 9, 2010 is $466,182.39; that interest accrues thereafter at the rate of $89.93 per diem; that the note provides for the payment of attorney's fees, legal expenses and court costs of collection; and that the PSM secures all obligations of Molleston under the note. These points are adequately established by the record and permit entry of judgment in an amount encompassing principal and interest to the date of judgment.

The plaintiff has not, however, submitted any evidence to establish the amount and reasonableness of its attorney's fees, legal expenses and court costs. The plaintiff believes this can be accomplished later pursuant to Local Rule 54.3. (Doc. 34, Exhibit E). By its terms, however, Rule 54.3 applies only to fees "authorized by statute or the equitable or inherent powers of the court," not fees sought by contract.

Rule 54(d), which the plaintiff does not invoke, allows a claim for attorney's fees and related nontaxable expenses to be made by post-judgment motion "unless the substantive law requires those fees to be proved at trial as an element of damages." Fed.

R. Civ. P. 54(d)(2)(A). "As noted in subparagraph (A), it [Rule 54(d)(2)] does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract …." *Id.* 1993 advisory committee notes; *see also Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1355 (11th Cir. 2002) ("In this Circuit, a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue …."); *Ierna v. Arthur Murray International, Inc.*, 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case.").

An award of attorney's fees and nontaxable costs thus must be made prior to entry of judgment. The plaintiff has not presented evidence to support such an award. The plaintiff is **ordered** to file, on or before **April 19, 2011**, whatever materials it deems necessary and appropriate to support its claim for fees and related nontaxable expenses. The Court will take the motion for entry of default judgment as to the vessel under submission on April 19, 2011.

DONE and ORDERED this 11th day of April, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE