IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TRUSTMARK NATIONAL BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0702-WS-M |
| | ) |
| **MICHAEL C. MOLLESTON, etc., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This action as against defendant Michael C. Molleston is subject to the automatic stay imposed by 11 U.S.C. § 362(a). The plaintiff reports that it does not expect to seek relief from the stay and that it knows of no reason the action as to Molleston should not be dismissed without prejudice. (Docs. 43, 44).

The filing of a bankruptcy petition generally "operates as a stay, applicable to all entities, of ... the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor ...." 11 U.S.C. § 362(a). However, "the application or non-application of § 362(a) to the dismissal of an action pending against a debtor should be made consistent with the purposes of the statute." *Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992). The twin purposes of the automatic stay are to give the debtor a breathing spell from its creditors and to protect creditors from the actions of other creditors. *Id.* When neither purpose is imperiled, Section 362(a) does not preclude dismissal. *Id.* Appellate courts have frequently approved dismissals that do not implicate the purposes of the automatic stay.[1] In particular, "[t]he district courts ...

---

[1] *See id.* (granting the creditor's motion to dismiss its appeal as moot); *O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1108-09 (9th Cir. 2006) (upholding dismissal of creditor's action
(Continued)

[1]

were similarly entitled to dismiss the debtor on the plaintiffs' motions [under Rule 41(a)] as a matter consistent with the terms of § 362(a) and the effective management of their dockets." *Arnold v. Garlock, Inc.*, 288 F.3d 234, 236-37 (5th Cir. 2002).

The Court construes the plaintiff's filing as a motion to dismiss pursuant to Rule 41(a)(2). Since such a dismissal is not prohibited by Section 362, the motion is **granted**. This action as to defendant Michael C. Molleston is **dismissed without prejudice**.

DONE and ORDERED this 12th day of May, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

under Rule 41(b) for failure to prosecute); *Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1988) (upholding dismissal of creditor's action under Rule 41(b) for failure to comply with court orders); *Wachter v. Lezdey*, 34 Fed. Appx. 699, 701-02 (Fed. Cir. 2002) (dismissing creditor's appeal for lack of jurisdiction).